1  Douglas Kruschen
2  P.O. Box 465
   Agoura Hills, CA 91376-0465
3  (805) 225-3328
4  *(Plaintiff Pro Se)*

LODGED

2016 APR 29 AM 11:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

FILED
CLERK, U.S. DISTRICT COURT
05/31/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___js___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>*Plaintiff*<br><br>v.<br><br>FIRST ADVANTAGE CORPORATION, a Delaware corporation, FIRST ADVANTAGE BACKGROUND SERVICES CORP, a Florida corporation, SOURCE SUPPORT SERVICES, INC., a Georgia corporation,<br><br>*Defendants* | Case No.: LACV16 02948 DMG(AJWx)<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge:<br>Dept.:<br>Trial Date:<br><br>RECEIVED<br>CLERK, U.S. DISTRICT COURT<br>APR 27 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

COMES NOW Plaintiff DOUGLAS KRUSCHEN, an individual, and for causes of action against Defendant, alleges as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* (FCRA).

2. Count II of Plaintiff's Complaint is based on the Consumer Credit Reporting Agencies Act, *California Civil Code § 1785 et seq.* (CCRAA)

3. Count III of Plaintiff's Complaint is based on the Investigative Consumer Reporting Agencies Act, *California Civil Code § 1786 et seq.* (ICRAA).

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1681 et seq.,* and *28 U.S.C. § 1331.*

5. *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

6. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established.

7. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2).*

8. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201* and *2202.*

**PARTIES**

9. Plaintiff is a citizen of the state of California, residing within the federal Central District.

10. Plaintiff is a "person" as defined by *47 U.S.C. §§ 153(39)* and *1681a(b).*

11. Plaintiff is a "consumer" as defined by *15 U.S.C. §§ 1681a(c)* and *1692(a)(3).*

12. Defendants engage in "interstate communications" as defined by *47 U.S.C. § 153(28).*

13. Defendants, at all times relevant to this complaint, were engaged in commercial transactions throughout this county,

the State of California and the various states of the United States of America.

14. Defendant FIRST ADVANTAGE CORPORATION is a Delaware corporation with its principal office located in Atlanta, Georgia.

15. Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP is a Florida corporation with its principal office located in Atlanta, Georgia.

16. Defendant SOURCE SUPPORT SERVICES, INC. is a Georgia corporation with its principal office located in Lawrenceville, Georgia.

17. At all relevant times, Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

18. On or about November 30, 2015, Defendant SOURCE SUPPORT SERVICES, INC. contracted with Defendant FIRST ADVANTAGE CORPORATION and/or Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP to perform a background and credit check on Plaintiff.

19. On November 30, 2015, Defendant FIRST ADVANTAGE CORPORATION and/or Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP ordered and received a copy of Plaintiff's credit history from credit reporting agency, Experian Information Systems, Inc.

20. On or about February 10, 2016, Plaintiff obtained a copy of his consumer credit report "file" from credit reporting agency, Experian Information Systems, Inc. which identified that Defendants had received his credit history.

21. On or about March 7, 2016, Plaintiff contacted Defendant FIRST ADVANTAGE CORPORATION and/or Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP to request information about the purpose of their access and to notify them of lack of consent.

22. On or about March 24, 2016, Defendant FIRST ADVANTAGE CORPORATION and/or Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP responded to Plaintiff denying receipt of Plaintiff's credit history.

## COUNT I
## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

23. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

    (b) Conditions for furnishing and using **consumer reports for employment purposes.**

    (2) Disclosure to consumer

        (A) In general

        Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer

report to be procured, for employment purposes with respect to any consumer, unless—

    (i) a **clear and conspicuous** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, **in a document that consists solely of the disclosure**, that a consumer report may be obtained for employment purposes; and

    (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

24. Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

    (1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

        (1) it is **clearly and accurately disclosed** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

            (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

    **(B) includes a statement informing the consumer of his right to request the additional disclosures** provided for under subsection (b) of this section **and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)** of this title; (Emphasis Added.)

25. Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

26. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured a consumer report or caused a consumer report to be procured without first providing a written disclosure to Plaintiff in compliance with Section 1681b(b)(2)(A) of the FCRA.

27. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

Plaintiff. Defendants' willful conduct is reflected by, among other things, the following facts:

    (a) Defendants are large companies with access to legal advice through inside and outside counsel;

    (b) Defendants made reference to background checks in their correspondence with Plaintiff, which although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations.

28. Defendants violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's rights under 1681g(c) as part of the disclosure.

29. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have policies and practices of procuring investigative consumer reports or causing investigative consumer reports to be procured without providing a written summary of rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to

that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured regarding Plaintiff without providing a timely written summary of his rights under the FCRA.

30. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

31. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured including, but not limited to, having his privacy and statutory rights invaded in violation of the FCRA.

## COUNT II

## CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA), Cal. Civ. Code § 1785 et seq.

32. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

33. Section 1785.3(c) of the CCRAA defines "consumer credit report" as "any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit

to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11."

34. Section 1785.3(c) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

35. Section 1785.20.5 provides, in relevant part:

> "Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report, and shall contain a box that the person may check off to receive a copy of the credit report. If the consumer indicates that he or she wishes to receive a copy of the report, the user shall request that a copy be provided to the person

when the user requests its copy from the credit reporting agency. The report to the user and to the subject person shall be provided contemporaneously and at no charge to the subject person."

36. Defendants violated Section 1785.20.5(a) of the CCRAA by failing to provide written notice to Plaintiff inform him that a report will be used, failing to identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report, failing to inform Plaintiff of the source of the report, and failing to provide Plaintiff notice containing a box that he may check off to receive a copy of the credit report contemporaneously and at no charge to him.

37. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures before procuring consumer credit reports or causing consumer credit reports to be procured. Pursuant to that policy and practice, Defendants procured a consumer credit report or caused a consumer credit report to be procured without first providing a written disclosure to Plaintiff in compliance with Section 1785.20.5(a) of the CCRAA.

38. Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was negligent and willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff. Defendants' negligent and willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large companies with access to legal advice through inside and outside counsel;

(b) Defendants FIRST ADVANTAGE CORPORATION and FIRST ADVANTAGE BACKGROUND SERVICES CORP claim to be "the world leader in background screening and verification" evidences Defendants' awareness of and willful failure to follow the governing laws concerning such businesses.

39. As a result of Defendants' illegal procurement of consumer credit reports reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured including, but not limited to, having his privacy and statutory rights invaded in violation of the CCRAA.

## COUNT III

## DEFENDANTS VIOLATED THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT (ICRAA), Cal. Civ. Code § 1786 et seq.

40. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

41. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

42. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for

monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

43. Section 1786.16(b)(1) provides, in relevant part:

> (b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:
>
> (1) Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. **If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer.** The notice to request the report may be contained on

either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

44. Defendants violated Section 1786.16(b)(1) by failing to provide to Plaintiff the opportunity to receive a copy of his investigative consumer report when requested within three business days of the date that the report was provided to Defendant.

45. As a result of Defendants' willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff has been injured by, among other things, having his privacy and statutory rights invaded in violation of the ICRAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS KRUSCHEN, requests judgment be entered against Defendants, FIRST ADVANTAGE CORPORATION, FIRST ADVANTAGE BACKGROUND SERVICES CORP, and SOURCE SUPPORT SERVICES, INC. for the following:

**Count I:**

46. Declaratory judgment that Defendants' conduct violated the Fair Credit Reporting Act,

47. Statutory and/or actual damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

48. Punitive damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

49. Costs and reasonable attorney's fees pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,* and

50. Any other relief as the court deems appropriate.

51. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under *15 U.S.C. § 1681o.*

**Count II:**

52. Declaratory judgment that Defendants' conduct violated the Consumer Credit Reporting Agencies Act,

53. Actual damages pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(a)(1),*

54. Punitive damages pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(a)(2)(B),*

55. Injunctive and equitable relief pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(b),*

56. Costs and reasonable attorney's fees pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(d),* and

57. Any other relief as the court deems appropriate.

**Count II:**

58. Declaratory judgment that Defendants' conduct violated the Investigative Consumer Reporting Agencies Act,

59. Actual damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*

60. Punitive damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*
61. Injunctive and equitable relief pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*
62. Costs and reasonable attorney's fees pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,* and
63. Any other relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS KRUSCHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: April 22, 2016

By: Douglas Kruschen
(Plaintiff Pro Se)

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DOUGLAS KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated exhibits, except some may contain my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOUGLAS KRUSCHEN, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: April 22, 2016

By: DOUGLAS KRUSCHEN
(Plaintiff)



**KIRY K. GRAY**
Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-7984

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

FILED
CLERK, U.S. DISTRICT COURT
APR 29 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: RS DEPUTY

Dear Sir or Madam,

Your complaint has been lodged and assigned a civil case number   2:16-CV-02948-UA  .

Upon the submission of your complaint, the following discrepancy was found:

☒ **You have submitted a personal check.**

Please be advised that personal checks are not accepted. Your check will be returned to you by our Fiscal Department. Please send a cashier's check or money order to one of the appropriate addresses listed at the top of the page. Be sure to reference the civil case number on your payment.

☐ **You have not submitted the entire filing fee amount of $400.**

If you are unable to pay the entire filing fee at this time, you must sign and complete the enclosed form, *Declaration in Support of Request to Proceed in Forma Pauperis* (CV-60), in its entirety.

If you do not respond within THIRTY DAYS from the date below, your action will be dismissed.
If your fee waiver application or payment is received within THIRTY DAYS, judges will be assigned to your case.

Sincerely,

Clerk, U. S. District Court

_____April 29, 2016_____      By: _____R. Smith_____
            Date                              Deputy Clerk

enclosures: CV-60

CV-47 (10/15)        NOTICE RE: DISCREPANCIES WITH LODGING OF COMPLAINT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
DOUGLAS KRUSCHEN

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
FIRST ADVANTAGE CORPORATION, FIRST ADVANTAGE BACKGROUND SERVICES CORP, SOURCE SUPPORT SERVICES INC.

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
P.O. BOX 465
AGOURA HILLS, CA 91376
(805) 225-3328

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)
- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No  [ ] **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SECTION 1681 ET SEQ. (FAIR CREDIT REPORTING ACT)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | **TORTS** | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 151 Medicare Act | [ ] 310 Airplane | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 315 Airplane Product Liability | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 320 Assault, Libel & Slander | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [X] 480 Consumer Credit | [ ] 160 Stockholders' Suits | [ ] 330 Fed. Employers' Liability | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 190 Other Contract | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Commodities/Exchange | [ ] 195 Contract Product Liability | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 890 Other Statutory Actions | [ ] 196 Franchise | [ ] 350 Motor Vehicle | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | **REAL PROPERTY** | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 210 Land Condemnation | [ ] 360 Other Personal Injury | [ ] 441 Voting | **LABOR** | |
| [ ] 895 Freedom of Info. Act | [ ] 220 Foreclosure | [ ] 362 Personal Injury-Med Malpractice | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | [ ] 230 Rent Lease & Ejectment | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

LACV16-02948

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (02/16)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
|---|---|---|
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
|---|---|---|
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_  DATE: APRIL 21, 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |