Douglas Kruschen
P.O. Box 465
Agoura Hills, CA 91376-0465
(805) 225-3328
*(Plaintiff Pro Se)*

FILED
CLERK, U.S. DISTRICT COURT
SEP 2 6 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>*Plaintiff*<br><br>v.<br><br>FIRST ADVANTAGE CORPORATION, a Delaware corporation, FIRST ADVANTAGE BACKGROUND SERVICES CORP, a Florida corporation, SOURCE SUPPORT SERVICES, INC., a Georgia corporation, and LOCKHEED MARTIN CORPORATION, a Maryland corporation,<br><br>*Defendants* | Case No.: 2:16-CV-02948 DMG(AJWx)<br><br>**VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff DOUGLAS KRUSCHEN, an individual, and for causes of action against Defendant(s), alleges as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* (FCRA).

Page 1 of 14

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2. Count II of Plaintiff's Complaint is based on the Consumer Credit Reporting Agencies Act, *California Civil Code § 1785 et seq.* (CCRAA)

3. Count III of Plaintiff's Complaint is based on the Investigative Consumer Reporting Agencies Act, *California Civil Code § 1786 et seq.* (ICRAA).

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1681 et seq., and 28 U.S.C. § 1331.*

5. *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

6. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established.

7. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2).*

8. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202.*

## PARTIES

9. Plaintiff is a citizen of the state of California, residing within the federal Central District.

10. Plaintiff is a "person" as defined by *47 U.S.C. §§ 153(39) and 1681a(b).*

11. Plaintiff is a "consumer" as defined by *15 U.S.C. §§ 1681a(c) and 1692(a)(3).*

12. Defendants engage in "interstate communications" as defined by *47 U.S.C. § 153(28).*

13. Defendants, at all times relevant to this complaint, were engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

14. Defendant FIRST ADVANTAGE CORPORATION is a Delaware corporation with its principal office located in Atlanta, Georgia.

15. Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP is a Florida corporation with its principal office located in Atlanta, Georgia.

16. Defendant LOCKHEED MARTIN CORPORATION is a Maryland corporation with its principal office located in Bethesda, Maryland.

17. Defendant SOURCE SUPPORT SERVICES, INC. is a Georgia corporation with its principal office located in Lawrenceville, Georgia.

18. At all relevant times, Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

19. On or about November 30, 2015, Defendants LOCKHEED MARTIN CORPORATION and SOURCE SUPPORT SERVICES, INC. contracted with Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP to perform a background and credit check on Plaintiff.

20. On or about November 30, 2015, Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP prepared an investigative consumer report and shared said report with Defendants SOURCE SUPPORT SERVICES, INC. and LOCKHEED MARTIN CORPORATION.

21. On November 30, 2015, Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP ordered and received Plaintiff's credit history from credit reporting agency, Experian Information Systems, Inc. and shared said credit history with Defendants SOURCE SUPPORT SERVICES, INC. and LOCKHEED MARTIN CORPORATION.

22. On or about February 10, 2016, Plaintiff obtained a copy of his consumer credit report "file" from credit reporting agency, Experian Information

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Systems, Inc. which identified that Defendants had received his credit history.

23. Defendants did not provide FCRA disclosure(s) to Plaintiff.

24. Defendants did not disclose to Plaintiff the use of credit history information.

25. Defendants did not provide Plaintiff the opportunity to receive a copy of the investigative consumer report or credit report as required by ICRAA.

26. At no time has Plaintiff been provided nor executed a Lockheed Martin LM-1 consent form.

## COUNT I

## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

27. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using **consumer reports for employment purposes.**

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

28. Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

(1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

(1) it is **clearly and accurately disclosed** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) **includes a statement informing the consumer of his right to request the additional disclosures** provided for under subsection (b) of this section **and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)** of this title; (Emphasis Added.)

29. Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

30. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured a consumer report or caused a consumer report to be procured without first providing a written

disclosure to Plaintiff in compliance with Section 1681b(b)(2)(A) of the FCRA.

31. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large companies with access to legal advice through inside and outside counsel;

(b) Defendants made reference to background checks in their correspondence with Plaintiff, which although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations.

32. Defendants violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's rights under 1681g(c) as part of the disclosure.

33. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have policies and practices of procuring investigative consumer reports or causing investigative consumer reports to be procured without providing a written summary of rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants

procured investigative consumer reports or caused investigative consumer reports to be procured regarding Plaintiff without providing a timely written summary of his rights under the FCRA.

34. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

35. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured including, but not limited to, having his privacy and statutory rights invaded in violation of the FCRA.

## COUNT II
## CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA), Cal. Civ. Code § 1785 et seq.

36. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

37. Section 1785.3(c) of the CCRAA defines "consumer credit report" as "any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11."

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

38. Section 1785.3(c) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

39. Section 1785.20.5 provides, in relevant part:

"Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report, and shall contain a box that the person may check off to receive a copy of the credit report. If the consumer indicates that he or she wishes to receive a copy of the report, the user shall request that a copy be provided to the person when the user requests its copy from the credit reporting agency. The report to the user and to the subject person shall be provided contemporaneously and at no charge to the subject person."

40. Defendants violated Section 1785.20.5(a) of the CCRAA by failing to provide written notice to Plaintiff inform him that a report will be used, failing to identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report, failing to inform Plaintiff of the source of the report, and failing to provide Plaintiff notice containing a box that he may check off to receive a copy of the credit report contemporaneously and at no charge to him.

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

41. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures before procuring consumer credit reports or causing consumer credit reports to be procured. Pursuant to that policy and practice, Defendants procured a consumer credit report or caused a consumer credit report to be procured without first providing a written disclosure to Plaintiff in compliance with Section 1785.20.5(a) of the CCRAA.

42. Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was negligent and willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff. Defendants' negligent and willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large companies with access to legal advice through inside and outside counsel and employ hundreds, if not thousands, of persons.

43. As a result of Defendants' illegal procurement of consumer credit reports reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured including, but not limited to, having his privacy and statutory rights invaded in violation of the CCRAA.

## COUNT III

## DEFENDANTS VIOLATED THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT (ICRAA), Cal. Civ. Code § 1786 et seq.

44. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

45. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

46. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

47. Section 1786.16(b)(1) provides, in relevant part:

(b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

(1) Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. **If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer.** The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

48. Defendants violated Section 1786.16(b)(1) by failing to provide to Plaintiff the opportunity to receive a copy of his investigative consumer report when requested within three business days of the date that the report was provided to Defendant.

49. As a result of Defendants' willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff has been injured by, among other things, having his privacy and statutory rights invaded in violation of the ICRAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS KRUSCHEN, requests judgment be entered against Defendants, FIRST ADVANTAGE BACKGROUND SERVICES CORP, SOURCE SUPPORT SERVICES, INC. and LOCKHEED MARTIN CORPORATION for the following:

**Count I:**

50. Declaratory judgment that Defendants' conduct violated the Fair Credit Reporting Act,

51. Statutory and/or actual damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

52. Punitive damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

53. Costs and reasonable attorney's fees pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,* and

54. Any other relief as the court deems appropriate.

55. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under *15 U.S.C. § 1681o.*

**Count II:**

56. Declaratory judgment that Defendants' conduct violated the Consumer Credit Reporting Agencies Act,

57. Actual damages pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(a)(1),*

58. Punitive damages pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(a)(2)(B),*

59. Injunctive and equitable relief pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(b),*

60. Costs and reasonable attorney's fees pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.31(d),* and

61. Any other relief as the court deems appropriate.

**Count II:**

62. Declaratory judgment that Defendants' conduct violated the Investigative Consumer Reporting Agencies Act,

63. Actual damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*

64. Punitive damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*

65. Injunctive and equitable relief pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*

66. Costs and reasonable attorney's fees pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,* and

VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

67.   Any other relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS KRUSCHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 22, 2016

By: Douglas Kruschen
*(Plaintiff Pro Se)*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

Plaintiff, DOUGLAS KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated exhibits, except some may contain my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOUGLAS KRUSCHEN, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: September 22, 2016

By: DOUGLAS KRUSCHEN

DMG

PO Box 465
Agoura Hills, CA 91376

USDC
Attn: Civil Intake
312 N Spring St, Room G-8
Los Angeles, CA 90012-2095



